^MCDONALD, J.
This is a workers’ compensation case. Tonya Herrin, an employee of Western Sizzlin, injured her neck while working on June 9, 1996. She eventually underwent a cervical fusion at the C6-7 level that resulted in a non-union. She underwent a second surgery on June 23, 1999, which resulted in a solid fusion.
Western Sizzlin, the employer, and the Louisiana Restaurant Association Self Insurers Fund (LRASIF) filed a disputed claim for compensation on July 24, 2002, asserting that Ms. Herrin had committed fraud under La. R.S. 23:1208, and asking for all penalties, fees, and other recovery allowed by statute. Western Sizzlin and LRASIF later amended the claim to assert that Ms. Herrin had claimed medical complaints and symptoms to physicians treating her that did not correspond with her activities revealed on surveillance tapes, and further asked that all benefits to Ms. Herrin be terminated. At that time Ms. Herrin was no longer receiving indemnity payments, but was receiving medical benefits.
Ms. Herrin denied all allegations of fraud and reconvened for attorneys fees, penalties, and sanctions, asserting that the claim was frivolous and defamatory. She also raised the affirmative defense of es-toppel, and urged exceptions raising the objections of vagueness and res judicata.
The workers’ compensation judge sustained the exception raising the objection of vagueness and ordered Western Sizzlin to respond to the interrogatories and requests for production of documents. Thereafter, Ms. Herrin filed a motion in limine, asking that the workers’ compensation judge not allow any evidence involving surveillance of her in thé fall of 2000. In the motion, Ms. Herrin suggested to the workers’ compensation judge that atlftrial of the matter conducted January 17, 2002, Western Sizzlin and LRASIF failed to raise any issue of fraud committed before trial, and thus, they should be precluded from raising the issue under the doctrine of res judicata. She also asked that related evidence, such as a medical report prepared in July 2002 by the defense’s medical expert, Dr. J. Lee Moss, should also be ruled inadmissible as well as any testimony connected therewith.
The workers’ compensation judge granted the motion in limine, finding that the employer was prohibited from using surveillance video taken of Ms. Herrin before January 17, 2002.
After 'a trial on the merits, the workers’ compensation judge denied Western Siz-zlin and LRASIF’s fraud claim against Ms. Herrin, denied Ms. Herrin’s motion for sanctions, and ordered that counsel for Ms. Herrin was entitled to $7,500.00 in attorneys fees pursuant to La. R.S. 23:1201.2.
Western Sizzlin and LRASIF have appealed that judgment, and make the following assignments of error:
1. The [workers’ compensation judge] erred in finding and awarding attorneys fees for termination of benefits as the Reconventional Demand brought by *692 Tonya Herrin only asserts a claim for frivolous suit and asserts no claim for attorney fees under La. R.S. 23:1201.2 for discontinuance of medical benefits.
2. The [workers’ compensation judge] erred by ruling and granting attorneys fees for termination of benefits under LSA-R.S. 23:1201.2 as the actions of LRASIF in terminating medical benefits was not arbitrary, capricious or without probable cause.
3. The [workers’ compensation judge] erred by ruling that the elements of [a] La. R.S. 23:1208 fraud violation were not met.
4. The [workers’ compensation judge] erred by ruling video surveillance taken prior to January 17, 2002 was inadmissible.
STANDARD OF REVIEW
In a workers’ compensation case, the appellate court’s review of fact is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of facts should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (1989).
ASSIGNMENT OF ERROR NO. 2
Western Sizzlin and LRASIF assert that the workers’ compensation judge erred in awarding attorneys fees pursuant to La. R.S. 23:1201.2.
We find that the workers’ compensation judge erred in finding the discontinuation of medical benefits was arbitrary and capricious under the facts of this case.[1]
Louisiana Revised Statute 23:1201.2 provided: [2]
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(0 shall be applicable to claims arising under this Chapter.
Western Sizzlin and LRASIF did not simply acquire videotape of Ms. Herrin doing things that appeared to be beyond her claimed limitations and proceed to cut off her medical benefits. They took the further step of bringing that videotape to a doctor that had examined her on several occasions, Dr. Lee Moss, for him to give his professional opinion as to the chotomy between her professed physical limitations and the actions shown on the videotape. Dr. Moss viewed the videotape and wrote a report, noting |fithat her last medical examination had been performed on March 11, 2002, at which time she was complaining of stiffness in her neck and trouble lifting. She reported she was taking three Vicodin a day. In contrast, he reported that the videotape showed her undertaking lifting/carrying activities and motions of the neck “that far exceeded [her] last physical examination,” that she moved her neck easily in all directions, and that she easily carried a book bag and a large purse on her right shoulder.
*693 Under these facts, we find that the workers’ compensation judge committed manifest error in finding that Western Siz-zlin and LRASIF were arbitrary and capricious in terminating medical benefits to Ms. Herrin, and we reverse the award of $7,500.00 in attorneys fees to Ms. Herrin.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error, Western Sizzlin and LRASIF assert that the workers’ compensation judge erred in not finding a La. R.S. 23:1208 fraud violation under the facts of this case.
Ms. Herrin’s testimony established that she had good days and bad days. Her treating physician, Dr. Stuart Phillips, reported on February 28, 2002, that Ms. Herrin had chronic pain syndrome, that her pain was relieved with medications and that injections were helpful when indicated.
Under the facts of this case of this case, we cannot say that the workers’ compensation judge erred in finding that the elements of a fraud violation were not met.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, West Sizzlin and LRASIF argue that the trial court erred in ruling surveillance videotapes taken prior to January 17, 2002 were inadmissible at trial.
| (¡The determination of whether motion pictures or videotape are admissible is largely within the discretion of the trial court. Olivier v. LeJeune, 95-0053 (La.2/28/96), 668 So.2d 347, 351. In this case, the workers’ compensation judge ruled that videotapes taken in the fall of 2000, while a prior claim filed by Ms. Her-rin against Western Sizzlin and LRASIF was pending, were inadmissible. That claim involved Ms. Herrin’s average weekly wage. Judgment was rendered on that claim prior to the filing of the disputed claim for compensation at issue herein.
The workers’ compensation judge found that if Western Sizzlin and LRASIF believed they had evidence of fraud committed by Ms. Herrin in the year 2000, they should have raised that issue in the earlier suit.
We cannot say that the workers’ compensation judge abused its discretion in that determination.
DECREE
For the foregoing reasons, that portion of the judgment awarding $7,500.00 in attorneys fees to Ms. Herrin is reversed; in all other aspects the judgment is affirmed. Costs are assessed one-half to Ms. Herrin and one-half to Western Sizzlin and LRA-SIF.
REVERSED IN PART AND AFFIRMED IN PART.

. We pretermit discussion of assignment of error number one.

. Louisiana Revised Statute 23:1201.2 was repealed by Acts 2003, No. 1204, § 2. See, now, La. R.S. 23:1201(F), (I) and (J).